## No. 193
## NATIONAL MORTGAGE CORP. v. ADAMS
Ohio Court of Appeals, Lucas County
No. 1263, Feb. 18, 1923
This opinion has not been published except in Abstract.

**REPLEVIN—(1) Effect of a re-delivery bond in identifying property.**

CHITTENDEN, J.:

Epitomized Opinion

Error to Lucas Court of Common Pleas

The Mortgage Co. brought action in replevin in the lower court to recover from Adams possession of a McFarland automobile. Adams executed a re-delivery bond in the sum of $5,000 and the sheriff returned the automobile to him. The Mortgage Co. claimed special ownership by virtue of a chattel mortgage but the lower court found that the property described in the mortgage was not the automobile in the possession of Adams. The Mortgage Co. insists that Adams admitted the identity of the automobile by executing the re-delivery bond and is now estopped from denying that it is the automobile described in the mortgage. The affidavit for replevin and the sheriff's order of delivery mentioned the model and the engine number of the machine but the re-delivery bond made no mention of this. Held by Court of Appeals in affirming the Common Pleas Court:

1. Where there is no better evidence of the identity of property, a re-delivery bond executed by the party in possession will not be considered an admission of the identity of such property, and such person is not estopped from denying that his property is not that claimed in an action for replevin. The court distinguishes this case from 51 Ohio St. 6.

Attorneys—Doyle & Lewis, for Mortgage Co.; Marshall & Frazer, for Adams.

## No. 194
## LOTOW v. MAY CO.
Ohio Court of Appeals, Cuyahoga County
No. 4053, Dec. 26, 1922
This opinion has not been published except in Abstract.

**CONTRACT—(1) Acceptance of order—(2) Authority of agent to make.**

VICKERY, J.:

Epitomozed Opinion

Error to Municipal Court of Cleveland

Firestone, the representative of Lotow, took an order for certain goods from the May Co., forwarding the order to Lotow, who refused to accept it, informing the May Co. that the prices mentioned in the order were no longer in effect. The May Co., by one of its officers, Holtz, then gave express authority to one Wolf to adjust the matter. Wolf gave an order under the modified terms and the order was filled by Lotow.

In an action by Lotow to recover the price of the goods as in the amended order, the May Co. plead as a defense, breach of contract, and lack of authority of Wolf to bind the May Co. against its interest. Judgment for the May Co. in the Municipal Court: Held by Court of Appeals in reversing the decision:

1. The original order although sent in by an authorized representative of the vendor, did not bind the vendor in contract unless there was an acceptance of the offer. In this case Lotow did not accept.

2. Authority granted an agent to adjust a certain matter gives him the authority to make a contract. Such authority is not limited to making an adjustment in favor of the principal.

Attorneys—Grossman & Grossman, for Lotow; Mooney, Hahn, Loeser & Keough, for May Co.

## No. 195
## DOEBEL AND GIRTEN v. CURMAYN
Ohio Court of Appeals, Hamilton County
No. 2109, Feb. 5, 1923
This opinion has not been published except in Abstract.

**PLEADINGS—(1) Charge of negligence liberally construed.**

RICHARDS, J.:

Epitomized Opinion

Error to Hamilton Court of Common Pleas

Girten and Doebel, while driving their automobiles in opposite directions on Spring Grove Ave. in Cincinnati, reached a street intersection at about the same time. Girten, in violation of a city ordinance, turned to the left, colliding with the car driven by Doebel and pushing that car onto the sidewalk, injuring Curmayn. Curmayn, in an action for damages, after averring acts of negligence against Doebel, also averred that Girten was negligent in turning to the left without passing the center of the intersecting street. Curmayn failed to prove that Girten was negligent in this particular, although general negligence was proved. Girten, although he made no motion to make the petition more definite, claims that the particular negligence alleged must be proved to sustain a verdict for Curmayn. Judgment for Curmayn in the lower court. Held by the Court of Appeals in affirming the lower court:

1. Pleadings will be liberally construed with a view to accomplishing substantial justice. In the absence of a motion to make the petition more definite the language of the petition will be construed as amounting to a general charge of negligence.

Attorneys—F. H. Van Hill, Harmon, Colaton Goldsmith & Hoadley and Benton S. Oppenheimer, for Doebel and Girten; Clore, Schwab & McCaslin, for Curmayn.